### LYMAN B. DECAMP v. MICHAEL LEVOY ET AL.

1. STATUTORY LIABILITY—JUDGMENT AND EXECUTION NOT NECESSARY.

   Where it appears that a corporation is "utterly insolvent and has no assets of any description whatever," it is unnecessary that one desiring to proceed against the stockholders' statutory liability should first obtain judgment and issue an execution.

2. MERE LEGATEE NOT LIABLE UNDER THE STATUTE.

   One who receives a bequest of shares of stock, but obtains no transfer thereof on the books of the corporation, and there is no other evidence of his acceptance of the bequest, cannot be held for an assessment upon such stock under the statutory liability; the proceeding should be against the estate of the testator.

3. DEFICIT UPON MORTGAGE FORECLOSURE.

   Where a loan upon real estate mortgage is obtained by an individual for the benefit of a corporation, and the property upon foreclosure fails to pay the loan in full, the corporation does not become personally liable for the deficit.

4. EVIDENCE DEFEATING INSOLVENCY FINDING.

   A finding by a referee that a stockholder is insolvent will not be upheld where the evidence shows that he still has outstanding interests, and has conveyed property without valid consideration.

**5.** VARIANCE BETWEEN ALLEGATIONS AND PROOF.

Where plaintiffs sued as upon a joint claim it was error to receive evidence supporting the claim as belonging to a partnership, of which plaintiffs were members but not the only members.

**6.** IMPROPER SUBSTITUTION OF PARTIES PLAINTIFF.

It was also error, after the referee had filed his report, and the firm owning the claim referred to had transferred the same to a bank, and the bank had recovered a judgment thereon in a separate action, to substitute the bank for the plaintiffs.

ERROR to the Court of Common Pleas of Hamilton county.

GIFFEN, J.

The original action was commenced by Michael Levoy, Daniel B. DeCamp, Emma T. French and George H. Taylor against the Taylor & Faulkner Manufacturing Company, the plaintiff in error, Lyman B. DeCamp, and other stockholders of the company, asking judgment against the corporation for money advanced and paid to and for its use, and an assessment of the stockholders. The petition contained an averment that "the said company is utterly insolvent and has no assets of any description whatever, real or personal, on which an execution could be levied or out of which the said debt to the plaintiffs could be satisfied," and the referee found that this averment was substantially true. It would seem, therefore, to be unnecessary and futile to require the plaintiffs to first obtain judgment, and issue an execution before proceeding against the stockholders. Younglove v. Lime Co., 49 Ohio St., 663.

The plaintiffs sue as upon a joint claim in their favor, whereas the proof discloses that the partnership of DeCamp, Levoy & Co. was the real party in interest and the owner of the claim. The plaintiffs were members of the firm, but did not constitute all, for George H. Taylor, as trustee, was also a member owning about an one-eighth interest. The defect of parties plaintiff does not appear upon the face of the petition, nor was the plaintiff in error otherwise advised until the evidence was offered. After the referee had filed his report, the firm of DeCamp, Levoy & Co. transferred for value the claim sued on to the Merchants National Bank of Cincinnati. The bank afterwards recovered a judgment thereon in a separate action, and was then, upon application, substituted for plaintiffs, and thereupon the action proceeded to final decree.

There was error in receiving evidence against the objection of plaintiff in error of a claim in favor of the firm of DeCamp, Levoy & Co., and in substituting the bank for the plaintiffs; but it does not appear that the plaintiff in error was prejudiced thereby, we would not be inclined to reverse the judgment on these grounds. Mason v. Alexander, 44 Ohio St., 318.

The referee found that the plaintiff in error was the owner of sixty shares of stock in the corporation; that he appeared by the stock certificate book of the company as the owner of only thirty-four and four-ninths shares; that Ellen DeCamp by last will and testament bequeathed to him the remaining twenty-five and five-ninths shares; that other stockholders who were declared insolvent were owners of stock under the will of Emma J. Taylor as well as that of Ellen DeCamp; that the stubs of the stock certificate book showed that thirty-four and four-ninths shares were in the name of Emma J. Taylor and one hundred and twenty-seven and seven-ninths in the name of Ellen DeCamp; that all the property of each estate other than the said stock had been dis·

tributed, but that no final account had been filed or settlement made in the probate court. There was no evidence that this stock had been received or accepted by the legatees. It does not appear how much property other than this stock was received by the legatees and devisees, nor whether it was sufficient to meet the stock liability assessed against them. The estate of Emma J. Taylor, as well as that of Ellen DeCamp, was solvent, whereas some of the legatees were insolvent, so that the liability of the plaintiff in error was increased not only by reason of the shares bequeathed to him, but also by reason of the insolvency of other legatees.

We are unable to see upon what principle of law a party may be held liable upon worthless stock bequeathed to him, where there is no transfer on the books of the corporation and no other evidence of acceptance by him. The estates of decedents should have been first held liable; and if it should then appear that the assets other than the stock had been distributed, the question of contribution by the legatees, to the extent of assets received, would then arise. The point now under consideration was duly saved by exceptions filed with and motion for a new trial made before the referee. It is true that the answer of the plaintiff in error does not contain a specific denial of ownership of the twenty-five and five-ninths shares; yet, had there been no answer filed and the stubs of the stock certificate book, being in evidence, showed only thirty-four and four-ninths shares in his name, the court would not be authorized, without further proof, to assess him on a greater number of shares; and besides the finding that the estates of decedents were not liable increased the assessment on the stock also which appears on the stubs in his name.

It is objected also that the referee found that a balance due on a loan from the Wyoming Building Association to Fred. S. DeCamp, amounting to $800, was a debt of the corporation. The finding is as follows, to wit:

"The loan aforesaid was obtained from the building association by the corporation deeding the property to Fred. S. DeCamp, one of its stockholders, who became a member of the building association and gave a mortgage for the property to the building association to secure the amount advanced to him as a member. The money was paid directly to the Taylor & Faulkner Company, and was a transaction made for the benefit of the company by a resolution of the board of directors, because it was thought impossible for the corporation to become a member and to comply with the by-laws of the association. This building association mortgage was foreclosed and the property sold in September, 1896, for about $3,400, leaving a deficiency in the amount of the indebtedness to the building association of about $800."

The evidence before us is insufficient to support such finding, and the referee himself seems to have based it, in part at least, upon a personal examination of the papers in case No. 106,979 in the court of common pleas, being the case in which the mortgage was foreclosed, none of which papers are offered in evidence. Conceding the finding of fact to be sustained by the evidence, we still doubt the conclusion of law that the corporation is personally liable for the deficiency after sale on foreclosure.

The further finding that Fred. S. DeCamp was insolvent is against the weight of the evidence, as he had an interest in unincumbered real

estate, a claim against George H. Taylor et al., and caused a one-sixth interest in the Main street property to be conveyed to his wife without any valid consideration.

Reversed and remanded.

*Herman Merrell*, for plaintiff in error.

*Walter A. DeCamp* and *Herron, Gatch & Herron*, contra.